[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties to this interpleader action are former owners (Triangulum Associates) and operators (Harrison Conference Center of Heritage Village, Inc.) of a conference CT Page 3271 center/inn located in Southbury, Connecticut.
The parties' longstanding contractual relationship was terminated by Triangulum, the owner of the property on December 10, 1990. Harrison has contractual claims against Triangulum as a result of the termination of the contract for which the court has granted a $2,250,000 attachment [See decision of July 19, 1991] in CV 90-0099249, CV 91-0100414 and CV 91-100948.
Two inn accounts with Bank of Boston were interpled as were receivables outstanding on December 10, 1990. The account has pursuant to agreement of the parties and order of the court, been invaded to satisfy all claims of unrelated third parties which arose out of pre December 10, 1990 operations of the conference center/inn.
The account has an outstanding balance of approximately $800,000, which is not accruing interest because of disputes between the parties and the bank.
The Court pursuant to its powers under the interpleader statute Connecticut General Statute Section 52-484 and its equitable powers has determined that a distribution of the account balance must be made.
The Court considering extensive evidence presented, relative to the priority of the parties' claims, the equitable positions of the parties and the waste of leaving assets in non-interest bearing accounts, orders the following distribution of the account:
Harrison Conf. Ctr. of Heritage Village, Inc. $550,000
Triangulum Associates $250,000
Any balance in the account above $800,000 is ordered divided evenly between the parties.
The Court's injunctive order compelling the parties to deposit certain funds or receivables in said accounts is also ordered vacated.
In the Court's prejudgment remedy order of July 19, 1991 calculating a substantiated claim of Harrison in the amount of $2,250,000; the Court attributed a value of one million dollars to the account. As a result of this order the claim of Harrison and its security are both substantially reduced.
The claim of Harrison is reduced from $2,250,000 by at CT Page 3272 minimum $550,000. The security is also reduced by $1,000,000 attributed to the account. If the account balance at the date of this order was $800,000, then Harrison's claim would be reduced to $1,700,000 and it would need a $450,000 upward adjustment to its $1,250,000 attachment of Triangulum's assets.
Any balance in the account over $800,000 would result in a reduction in Harrison's claim and further upward adjustment of its attachment by fifty percent (50%) of the balance in excess of $800,000.
The account is ordered disbursed as directed above with an adjustment in the attachment by Harrison of Triangulum's assets, reflecting the payment and elimination of the account as security.
BY THE COURT HON. ROBERT McWEENY, JUDGE SUPERIOR COURT JUDGE